148 S.W.3d 294 (2004)
B.T.R., Appellant,
v.
J.W.; and A.L.W., Appellees.
No. 2003-CA-001711-MR.
Court of Appeals of Kentucky.
October 8, 2004.
*295 Patrick E. Moeves, Crystal L. Ford, Newport, KY, for Appellant.
John R. Kummer, Edgewood, KY, for Appellees.
Before: BARBER, SCHRODER, and VANMETER, JUDGES.

OPINION
VANMETER, JUDGE.
This is an appeal from an order entered by the Kenton Circuit Court involuntarily terminating the parental rights of appellant B.T.R. Appellant asserts that the trial court erred by finding that he abandoned and neglected his child for at least ninety days, by finding that he repeatedly failed or refused to care for his child, by failing to determine whether some less drastic alternative should be pursued rather than the termination of his parental rights, and by failing to find that there was a reasonable expectation that he would immediately and significantly improve his behavior toward the child. We disagree with each contention. Hence, we affirm.
Appellant and appellee A.L.W. are the natural parents of a daughter who was born in December 1994. Appellant and A.L.W., who never married, cohabited until 1997. The child then remained with A.L.W., who reached an agreement with appellant regarding visitation and the payment *296 of child support and medical expenses. Appellant moved to Florida in August 2000.
A.L.W. married appellee J.W. in September 2000, and in April 2002 he filed a petition seeking to adopt the child. A.L.W. filed an entry of appearance consenting to the adoption. Appellant responded, asserting that he had been denied contact with the child since moving to Florida and that he had been unable to support her because A.L.W. concealed her whereabouts. Appellant sought dismissal of the adoption petition and the establishment of visitation rights. A.L.W. cross-claimed, requesting the court to involuntarily terminate appellant's parental rights and to proceed with the adoption. A.L.W. asserted in part that appellant had abandoned the child for more than ninety days, and that he continuously and repeatedly had failed to provide essential care and protection for her for more than six months. Appellant in turn sought dismissal of the cross-claim and the establishment of child support and an arrearage amount.
After a hearing the trial court entered findings of fact and conclusions of law. The court noted that appellant missed 37 of 67 scheduled visits with the child between March and December 1999, and that he had no contact with her after moving to Florida in August 2000. The court further noted that although appellant testified that he was financially able to support the child, he provided no financial support or gifts from July 2000 until March 2003, which was after this action was filed. The court found
incredible [appellant's] testimony that he did not know how to pay his support or locate this child. Furthermore, when he left for Florida in August, 2000, he had delivered personal items to the residence of [A.L.W.] and the child, where the child has continued to reside. [Appellant's] testimony lacks veracity.
The court concluded that appellant had abandoned and neglected the child for at least ninety days, and that he had "continuously and repeatedly failed or refused to provide essential care" for her since August 2000. The court described the relationships between the child and her stepfather, and between the child and appellant, and concluded that the termination of appellant's parental rights would be in the child's best interests. Subsequently, the court entered an order terminating appellant's parental rights. This appeal followed.
Appellant asserts that the trial court erred by finding both that he abandoned and neglected the child for more than ninety days, and that he repeatedly failed to care for her. We disagree.
KRS 625.090(1) provides that in circumstances such as these, a circuit court may involuntarily terminate parental rights only if it finds by clear and convincing evidence that the child is abused and neglected as defined in KRS 600.020(1), and that termination would be in the child's best interests. Further, parental rights may not be involuntarily terminated unless the court also finds by clear and convincing evidence that one or more of the grounds set out in KRS 625.090(2) exists, including:
(a) That the parent has abandoned the child for a period of not less than ninety (90) days;
....
(e) That the parent, for a period of not less than six (6) months, has continuously or repeatedly failed or refused to provide or has been substantially incapable of providing essential parental care and protection for the child and that there is no reasonable expectation of *297 improvement in parental care and protection, considering the age of the child;
....
(g) That the parent, for reasons other than poverty alone, has continuously or repeatedly failed to provide or is incapable of providing essential food, clothing, shelter, medical care, or education reasonably necessary and available for the child's well-being and that there is no reasonable expectation of significant improvement in the parent's conduct in the immediately foreseeable future, considering the age of the child[.]
KRS 600.020(1) defines an abused or neglected child as including one whose "health or welfare is harmed or threatened with harm when his parent"
(d) Continuously or repeatedly fails or refuses to provide essential parental care and protection for the child, considering the age of the child;
....
(g) Abandons or exploits the child; or
(h) Does not provide the child with adequate care, supervision, food, clothing, shelter, and education or medical care necessary for the child's well-being.
Here, appellant testified that he provided support and was involved with the child prior to his move to Florida, and that he made some attempts to support and maintain contact with her thereafter but was thwarted in his attempts to do so. However, he admitted that he had not visited her since his move to Florida. Although appellant testified that he did not know where to send support payments between July 2000 and March 2003, the parties' child support agreement included the proper address for making child support payments through the Kenton County Domestic Relations office. Moreover, despite appellant's allegations that he was unable to contact the child or send support payments directly to A.L.W. because of A.L.W.'s frequent moves, no evidence contradicted A.L.W.'s assertion that she and the child have never moved from the house appellant visited before moving to Florida. Further, A.L.W. testified that appellant did not support or maintain contact with the child after his move, that he left no phone number when he did call soon after moving, and that she had no way to contact him in Florida. Finally, she testified regarding the close relationship between the child and A.J.W.
The undisputed evidence that appellant did not support or maintain contact with the child after moving to Florida in July 2000 constitutes clear and convincing evidence of abuse or neglect as defined in KRS 600.020(1). Moreover, those same facts constituted clear and convincing evidence to support the trial court's findings that appellant abandoned and neglected the child for at least ninety days, and that he continuously and repeatedly failed or refused to provide essential care for her after August 2000. KRS 625.090(2)(a), (e) and (g).
Next, appellant contends that the trial court erred by failing to explore whether some less drastic alternative such as visitation should be pursued rather than the termination of his parental rights. However, the court did address this issue as follows:
The Court further finds and concludes that the termination of [appellant's] parental rights is in the best interests of this child. [The child] is flourishing in the home with her mother and stepfather. She refers to her father as "[appellant's first name]," and to her step-father as "dad." She has expressed to others that she does not desire to have contact with her father. It has been almost three years since she has had any contact with [appellant]. The Court *298 concludes that the child's emotional and mental health would be adversely affected should [appellant] now assert himself as her father. There are no viable, less drastic measures than termination that would be in this child's best interests. This is not a battle between family members. Rather, the best interests of the child dictate termination as a result of [appellant's] abandonment of his daughter, his nonsupport of child support for reasons other than poverty, his lack of insurance for her, and his lack of taking reasonable steps to try to have contact with her for three years.
The Court further finds and concludes that [appellant] not only abandoned his child for more than ninety days, but he has consistently failed to provide essential food, clothing, medical care or other necessities that were necessary and available to him for the child's well-being. [Appellant's] history of non-payment of support together with his lack of serious efforts to exercise visitation, causes the Court to conclude that there is no reasonable expectation of significant improvement in his behavior towards this child in the immediate future.

(Emphasis added.) We therefore are not persuaded that the trial court failed to consider viable alternatives to the termination of appellant's parental rights.
Finally, we are not persuaded by appellant's contention that the trial court abused its discretion by finding that there was no reasonable expectation that his behavior toward the child would significantly improve in the immediate future. Instead, our review of the evidence shows that it clearly supported the court's findings regarding appellant's neglectful behavior and the lack of any reasonable expectation of immediate improvement. KRS 625.090(2)(e) and (g). We cannot say that the trial court abused its discretion by finding that the termination of appellant's parental rights is in the best interests of the child.
The court's judgment is affirmed.
ALL CONCUR.